UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>      Plaintiff,<br><br>      v.<br><br>SECRETARY OF CDCR, et al.,<br><br>      Defendants. | Case No. 1:22-cv-00449-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING PLAINTIFF THIRTY DAYS TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 15) |

      Plaintiff Colton James Rood is appearing pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.

      On June 15, 2022, the Court screened Plaintiff's complaint, found that Plaintiff failed to state a cognizable claim, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 13.)

      Currently before the Court are Plaintiff's objections to the screening order, which the Court construes as a motion for reconsideration, filed July 15, 2022. (ECF No. 15.)

      "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision, U.S. v.

Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

In his motion, Plaintiff essentially states his disagreement with the Court's analysis of his complaint and finding that Plaintiff failed to allege facts demonstrating that each of the named Defendants violated his constitutional rights. Plaintiff argues that the linkage "requirement for naming multiple Defendants is satisfied under the allegations of the complaint." (ECF No. 15 at 1.) The Court does not agree. Plaintiff must allege facts supporting his claims against each Defendant separately in his amended complaint showing his entitlement to relief from each Defendant. Plaintiff should list the constitutional right he has, describe what Defendants did or failed to do, and describe how each Defendant's acts or omissions caused him injury. Plaintiff must allege facts showing the basis for liability for each individual Defendant. He should not refer to the Defendants as a group, i.e., "Defendants;" rather, he should identify each involved Defendant by name and link each of them to a specific claim by explaining what each Defendant did or failed to do that caused a violation of his constitutional rights.

Plaintiff's motion fails to present "new or different facts or circumstances ... which did not exist or were not shown upon such prior motion," as required by Local Rule 230(j). Plaintiff's mere disagreement with the Court's screening order is not sufficient to demonstrate that reconsideration is warranted. To the extent Plaintiff believes the Court incorrectly screened the original complaint, he may file an amended complaint that attempts to cure the deficiencies identified in the Court's order. A motion for reconsideration, however, is not the proper vehicle for such a request. In the interest of justice, the Court will sua sponte grant Plaintiff thirty (30) days from the date of service of this order to file an amended complaint. If he chooses to file an amended complaint, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to

relief above the speculative level...." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted). Plaintiff also is cautioned against bringing unrelated claims in this matter in contravention of Federal Rule of Civil Procedure 18.  Plaintiff's amended complaint, if any, may not exceed twenty-five (25) pages, inclusive of exhibits.  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  If Plaintiff does not respond to this order by filing an amended complaint, the Court may recommend dismissal of this action for failure to prosecute and failure to state a cognizable claim for relief.

      Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed July 15, 2022 (ECF No. 15) is DENIED;
2. Within thirty (30) days from the date of service of this order Plaintiff shall file an amended complaint; and
3. Failure to comply with this order will result in a recommendation to dismiss the action.

IT IS SO ORDERED.

Dated:   **July 25, 2022**

UNITED STATES MAGISTRATE JUDGE

3