1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11    COLTON JAMES ROOD,                       No.  1:22-cv-00449-SAB (PC)

12                     Plaintiff,              **FINAL** ORDER TO SHOW CAUSE WHY
                                               ACTION SHOULD NOT BE DISMISSED
13          v.
                                               (ECF No. 41)
14    SECRETARY OF CDCR, et al.,

15                     Defendants.

16

17          Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant

18   to 42 U.S.C. § 1983.  Plaintiff filed the instant action on April 14, 2022.

19                                            **I.**

20                                      **BACKGROUND**

21          This case has a rather lengthy procedural history given Plaintiff's repeated failure to file a

22   second amended complaint or notify the Court of his intent to proceed on one of the claims found

23   to be cognizable in the Court's February 1, 2023, second screening order.

24          To recap, on February 1, 2023, the Court screened Plaintiff's first amended complaint,

25   found that Plaintiff stated the following three claims under the Eighth Amendment claim for deliberate

26   indifference to his safety against: (1) Defendants Castillo, Juarez, Guitron, Trejo, and John Doe

27   (building 5 floor officer) for the incident on November 5, 2020; (2) Defendant Morrell for the incidents

28   between November 10, 2020 and November 23, 2020; and (3) Defendant Carrillo for the incident on

February 10, 2021. Plaintiff also states a cognizable retaliation claim against Defendant Carrillo. However, only the deliberate indifference and retaliation claims against Defendant Carrillo are related. (ECF No. 24, at 15.)  Plaintiff was granted leave to file a second amended complaint or notify the Court of intent to proceed only on one of the cognizable claims.  (Id. at 16-17.)

After receiving **three** extensions of time to respond to the second screening order, Plaintiff failed to comply with the Court's February 1, 2023, and failed to file a second amended complaint or notify the Court of intent to proceed on one of the claims found to be cognizable.  Therefore, on June 26, 2023, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to prosecute and failure to comply with a court order.  (ECF No. 32.)  On July 13, 2023, Plaintiff filed a response to the order to show cause and requested a fourth extension of time to respond to the Court's February 1, 2023, screening order. (ECF No. 33.) Plaintiff contended that in June he sent a fourth request for an extension of time, but it was not received by the Court and he has been suffering from pneumonia for the past two months.  (Id.)

On August 11, 2023, the Court granted Plaintiff  thirty days to file a response to the Court's screening order.  (ECF Nos. 35, 36.)

Plaintiff yet again failed to file an amended complaint or otherwise comply with the Court's screening order.  Therefore, on September 20, 2023, Plaintiff was ordered to show cause why the action should not be dismissed.  (ECF No. 37.)

On September 25, 2023, Plaintiff filed a motion for an extension of time to file an amended complaint.  (ECF No. 38.)  Plaintiff submitted that he was without his legal property and needed additional time to respond to the Court's screening order.  (Id.)

On September 26, 2023, the Court discharged the September 20, 2023, order to show cause and granted Plaintiff thirty days to file a response to the Court's second  screening order.  (ECF No. 39.)

On October 26, 2023, Plaintiff filed a second motion for an extension of the time to respond to the Court's second screening order, which was granted on this same day.  (ECF No. 40.)   In that order, Plaintiff was advised that no further extensions of time will be granted absent extraordinary circumstances, not present therein.  (ECF No. 41.)  Plaintiff has yet again for the third time failed to

either file a second amended complaint or notify the Court of his intent to proceed on one of the claims found to be cognizable as set forth in the Court's February 1, 2023, second screening order.

## II.

## DISCUSSION

This action has been pending since April 2022, and Plaintiff's response to the Court's second screening order is well overdue. Plaintiff is obligated to comply with the Local Rules and was informed by Defendants of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and orders, Plaintiff has not filed a second amended complaint or notified the Court of his intent to proceed on one of the claims found to be cognizable in the Court's February 1, 2023, second screening order.  Plaintiff instead has requested numerous cursory extensions of time and then failed to comply with the applicable deadlines resulting in the issuance of three orders to show cause, including the instant order.  Plaintiff has been repeatedly warned that no further extensions of time would be granted absent extraordinary circumstances, not present in his prior filings, and the failure to respond to the Court's orders to show cause would result in a recommendation to dismiss the action.  (ECF Nos. 32, 37, 39, 41.)  The Court cannot effectively manage its docket if a party ceases litigating the case.  Given Plaintiff's numerous summary requests for extensions of time and repeated failure to respond to the Court's February 1, 2023, screening order, the Court ORDERS Plaintiff to show cause why the action should not be dismissed for failure to prosecute and failure to comply with a court order.  NO further extensions of time will be granted given the length of time that Plaintiff has had to comply with the Court's February 1, 2023, order. The Court cannot simply hold this action in abeyance awaiting Plaintiff's compliance.

## III.

## ORDER TO SHOW CAUSE

Based on the foregoing, it is HEREBY ORDERED that:

1.     Within **fourteen (14)** days from the date of service of this order Plaintiff shall show cause supported by a detailed factual showing of good cause as to why the action should not be dismissed for failure to prosecute and failure to comply with a court order;

3

2.    No further extensions of time will be entertained; and

3.    Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for the reasons stated above.


IT IS SO ORDERED.

Dated:   __**December 6, 2023**__                    _____

UNITED STATES MAGISTRATE JUDGE