UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>              Plaintiff,<br><br>   v.<br><br>SECRETARY OF CDCR, et al.,<br><br>              Defendants. | No. 1:22-cv-00449-SAB (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE, DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND EXTENDING TIME TO FILE A RESPONSE TO THE COURT'S FEBRUARY 1, 2023, SECOND SCREENING ORDER<br><br>(ECF No. 43) |

      Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

      Currently before the Court is Plaintiff's response to the Court's February 1, 2023, second screening order. (ECF No. 24.)

**I.**

**BACKGROUND**

      This case has a rather lengthy procedural history given Plaintiff's repeated failure to file a second amended complaint or notify the Court of his intent to proceed on one of the claims found to be cognizable in the Court's February 1, 2023, second screening order.

      To recap, on February 1, 2023, the Court screened Plaintiff's first amended complaint, found that Plaintiff stated the following three claims under the Eighth Amendment claim for deliberate

1

indifference to his safety against: (1) Defendants Castillo, Juarez, Guitron, Trejo, and John Doe (building 5 floor officer) for the incident on November 5, 2020; (2) Defendant Morrell for the incidents between November 10, 2020 and November 23, 2020; and (3) Defendant Carrillo for the incident on February 10, 2021. Plaintiff also states a cognizable retaliation claim against Defendant Carrillo. However, only the deliberate indifference and retaliation claims against Defendant Carrillo are related. (ECF No. 24, at 15.)  Plaintiff was granted leave to file a second amended complaint or notify the Court of intent to proceed only on one of the cognizable claims.  (Id. at 16-17.)

After receiving **three** extensions of time to respond to the second screening order, Plaintiff failed to comply with the Court's February 1, 2023, and failed to file a second amended complaint or notify the Court of intent to proceed on one of the claims found to be cognizable.  Therefore, on June 26, 2023, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to prosecute and failure to comply with a court order. (ECF No. 32.)  On July 13, 2023, Plaintiff filed a response to the order to show cause and requested a fourth extension of time to respond to the Court's February 1, 2023, screening order. (ECF No. 33.) Plaintiff contended that in June he sent a fourth request for an extension of time, but it was not received by the Court and he has been suffering from pneumonia for the past two months.  (Id.)

On August 11, 2023, the Court granted Plaintiff thirty days to file a response to the Court's screening order.  (ECF Nos. 35, 36.)

Plaintiff yet again failed to file an amended complaint or otherwise comply with the Court's screening order.  Therefore, on September 20, 2023, Plaintiff was ordered to show cause why the action should not be dismissed.  (ECF No. 37.)

On September 25, 2023, Plaintiff filed a motion for an extension of time to file an amended complaint. (ECF No. 38.)  Plaintiff submitted that he was without his legal property and needed additional time to respond to the Court's screening order.  (Id.)

On September 26, 2023, the Court discharged the September 20, 2023, order to show cause and granted Plaintiff thirty days to file a response to the Court's second screening order. (ECF No. 39.)

On October 26, 2023, Plaintiff filed a second motion for an extension of the time to respond to

the Court's second screening order, which was granted on this same day. (ECF No. 40.)  In that order, Plaintiff was advised that no further extensions of time will be granted absent extraordinary circumstances, not present therein. (ECF No. 41.)  Plaintiff failed again for the third time failed to either file a second amended complaint or notify the Court of his intent to proceed on one of the claims found to be cognizable as set forth in the Court's February 1, 2023, second screening order. Therefore, on December 6, 2023, the Court issued a final order to show cause why the action should not be dismissed.  (ECF No. 42.)

On December 11, 2023, Plaintiff filed a response to the Court's February 1, 2023, second screening order, which is self-dated December 6, 2023.  (ECF No. 43.)

In his motion, Plaintiff essentially states his disagreement with the Court's analysis of his first amended complaint and finding that Plaintiff's separate claims for deliberate indifference were not related under Federal Rules of Civil Procedure 18 and 20.  (ECF Nos. 24, 43.)  Plaintiff argues "the complaint divulges multiple bits of information that heavily suggest conspiracy…." (ECF No. 43 at 1.)

## II.

## DISCUSSION

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff's motion fails to present "new or different facts or circumstances ... which did not exist or were not shown upon such prior motion," as required by Local Rule 230(j). Plaintiff's mere disagreement with the Court's screening order is not sufficient to demonstrate that reconsideration is warranted. To the extent Plaintiff believes the Court incorrectly screened the first amended complaint, he may file a second amended complaint that attempts to cure the deficiencies identified in the Court's screening order. A motion for reconsideration, however, is not the proper vehicle for such a request.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court's order to show cause issued on December 6, 2023 (ECF No. 42) is VACATED;

2. Plaintiff's motion for reconsideration filed on December 11, 2023 (ECF No. 43) is DENIED;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file either:

    a. a second amended complaint curing the deficiencies identified by the Court in this order, or

    b. a notice of his intent to proceed only on ONE of the cognizable claims identified by the Court in this order; and

4. <u>Plaintiff is warned that no further extensions of time will be entertained, and the failure to comply will result in a direct recommendation to dismiss the action for failure to comply with a court order and failure to prosecute.</u>

IT IS SO ORDERED.

Dated:   **December 12, 2023**

UNITED STATES MAGISTRATE JUDGE

4