UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY OF CDCR, et al.,<br><br>Defendants. | No. 1:22-cv-00449-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDATING DISMISSAL OF THE ACTION<br><br>(ECF No. 48) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

As stated in the Court's February 13, 2024 order, this case has a rather lengthy procedural history given Plaintiff's repeated failure to file a second amended complaint or notify the Court of his intent to proceed on one of the claims found to be cognizable in the Court's February 1, 2023, second screening order.

To recap, on February 1, 2023, the Court screened Plaintiff's first amended complaint, found that Plaintiff stated the following three claims under the Eighth Amendment claim for deliberate indifference to his safety against: (1) Defendants Castillo, Juarez, Guitron, Trejo, and John Doe

1

(building 5 floor officer) for the incident on November 5, 2020; (2) Defendant Morrell for the incidents between November 10, 2020 and November 23, 2020; and (3) Defendant Carrillo for the incident on February 10, 2021. Plaintiff also stated a cognizable retaliation claim against Defendant Carrillo. However, only the deliberate indifference and retaliation claims against Defendant Carrillo are related. (ECF No. 24, at 15.) Plaintiff was granted leave to file a second amended complaint or notify the Court of intent to proceed only on one of the cognizable claims. (Id. at 16-17.)

After receiving **three** extensions of time to respond to the second screening order, Plaintiff failed to comply with the Court's February 1, 2023, and failed to file a second amended complaint or notify the Court of intent to proceed on one of the claims found to be cognizable. Therefore, on June 26, 2023, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to prosecute and failure to comply with a court order. (ECF No. 32.) On July 13, 2023, Plaintiff filed a response to the order to show cause and requested a fourth extension of time to respond to the Court's February 1, 2023, screening order. (ECF No. 33.) Plaintiff contended that in June he sent a fourth request for an extension of time, but it was not received by the Court and he has been suffering from pneumonia for the past two months. (Id.)

On August 11, 2023, the Court granted Plaintiff thirty days to file a response to the Court's screening order. (ECF Nos. 35, 36.)

Plaintiff yet again failed to file an amended complaint or otherwise comply with the Court's screening order. Therefore, on September 20, 2023, Plaintiff was ordered to show cause why the action should not be dismissed. (ECF No. 37.)

On September 25, 2023, Plaintiff filed a motion for an extension of time to file an amended complaint. (ECF No. 38.) Plaintiff submitted that he was without his legal property and needed additional time to respond to the Court's screening order. (Id.)

On September 26, 2023, the Court discharged the September 20, 2023, order to show cause and granted Plaintiff thirty days to file a response to the Court's second screening order. (ECF No. 39.)

On October 26, 2023, Plaintiff filed a second motion for an extension of the time to respond to the Court's second screening order, which was granted on this same day. (ECF No. 40.) In that

1 order, Plaintiff was advised that no further extensions of time will be granted absent extraordinary
2 circumstances, not present therein. (ECF No. 41.) Plaintiff has yet again for the third time failed to
3 either file a second amended complaint or notify the Court of his intent to proceed on one of the
4 claims found to be cognizable as set forth in the Court's February 1, 2023, second screening order.

5     On December 11, 2023, Plaintiff filed a response to the Court's February 1, 2023, second
6 screening order, which is self-dated December 6, 2023. (ECF No. 43.)

7     In his motion, Plaintiff essentially stated his disagreement with the Court's analysis of his
8 first amended complaint and finding that Plaintiff's separate claims for deliberate indifference
9 were not related under Federal Rules of Civil Procedure 18 and 20. (ECF Nos. 24, 43.) The
10 Court construed Plaintiff's filing as a motion for reconsideration.

11     On December 12, 2023, the Court discharged the order to show cause, denied Plaintiff's
12 motion for reconsideration, and granted Plaintiff thirty days to respond to the Court's February 1,
13 2023, second screening order. (ECF No. 44.) In that order, Plaintiff was warned that, if he fails
14 to comply with this order, the Court will recommend to the District Judge that this action be
15 dismissed for failure to prosecute and failure to obey a court order. (Id.)

16     On January 3, 2024, Plaintiff filed a motion for an extension of time to comply with the
17 Court's order. (ECF No. 46.) On January 4, 2024, the Court granted Plaintiff's motion and a
18 response was due within thirty days. (ECF No. 47.) The thirty day time period passed and
19 Plaintiff has yet again failed to respond to the Court's order. Accordingly, on February 13, 2024,
20 the Court issued one last order to show cause why the action should not be dismissed. (ECF No.
21 48.) Plaintiff has failed to respond to the latest order to show cause and the time to do so has
22 passed. Thus, dismissal is warranted.

23 **II.**
24 **LEGAL STANDARD**

25     Local Rule 110 provides that "[f]ailure...of a party to comply with these Rules or with any
26 order of the Court may be grounds for imposition by the Court of any and all sanctions...within
27 the inherent power of the Court." District courts have the inherent power to control their dockets
28 and "[i]n the exercise of that power they may impose sanctions including, where

appropriate,...dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

### III.

### DISCUSSION

Here, Plaintiff's response to the screening order is well past overdue, and he has failed to either file an amended complaint or notify the Court of his intent to proceed on one the claims found to be cognizable. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262;

1  Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's February 13, 2024 order
2  expressly warned the failure to comply with the Court's order would result in a recommendation to
3  dismiss the action. (ECF No. 48.)  Thus, Plaintiff had adequate warning that dismissal could result
4  from his noncompliance.
5      Additionally, at this stage in the proceedings there is little available to the Court that would
6  constitute a satisfactory lesser sanction while protecting the Court from further unnecessary
7  expenditure of its scarce resources. Plaintiff has not complied with the Court's screening order and
8  has ceased litigating this action.

**IV.**

**CONCLUSION AND RECOMMENDATION**

11      Based on the foregoing, the Court HEREBY ORDERS the Clerk of the Court to randomly
12  assign a district judge to this action.
13      Further, the Court finds that dismissal is the appropriate sanction and HEREBY
14  RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court order
15  and failure to prosecute this action.
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **ten (10)** days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 4, 2024**

UNITED STATES MAGISTRATE JUDGE