UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SECRETARY OF CDCR, et al.,<br><br>　　　　Defendants. | No. 1:22-cv-00449-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES RAISED IN DEFENDANT'S ANSWER<br><br>(ECF No. 67) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On November 1, 2024, Plaintiff filed a motion to strike the affirmative defenses raised in Defendant's answer filed on August 29, 2024.

A defectively pled affirmative defense can be stricken under Federal Rule of Civil Procedure 12(f), which authorizes the removal of "an insufficient defense." Fed. R. Civ. P. 12(f). However, motions to strike such defenses are "regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Brooks v. Bevmo! Inc., et al., No. 20-CV-01216-MCE-DB, 2021 WL 3602152, at *1 (E.D. Cal. Aug. 13, 2021) (quoting Dodson v. Gold Country Foods, Inc., No. 2:13-cv-00336-TLN-DAD, 2013 WL 5970410 at * 1 (E.D. Cal. Nov. 4, 2013), citing Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)). "Accordingly, courts often require a showing of

prejudice by the moving party before granting the requested relief." Brooks, 2021 WL 3602152, at *1 (quoting Vogel v. Linden Optometry APC, No. CV 13–00295 GAF (SHx), 2013 WL 1831686 at * 2 (C.D. Cal. Apr. 30, 2013), citing Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005)).  Where no such prejudice is demonstrated, motions to strike may therefore be denied "even though the offending matter was literally within one or more of the categories set forth in Rule 12(f)." Brooks, 2021 WL 3602152, at *1  (quoting N.Y.C. Emps.' Ret. Sys. v. Berry, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009)). Ultimately, "whether to grant a motion to strike lies within the sound discretion of the district court." Brooks, 2021 WL 3602152, at *1 (quoting California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).

Plaintiff seeks to strike the defenses of qualified immunity defense, failure to exhaust administrative remedies, unclean and laches defense, res judicata and collateral estoppel, Eleventh Amendment Immunity, and punitive damages.  However, Plaintiff has not shown that he would actually be prejudiced by the inclusion of any of the specific affirmative defenses he seeks to exclude.  This is insufficient, particularly since motions to strike affirmative defenses are not favored.  Accordingly, Plaintiff's motion to strike affirmative defenses raised in Defendant's answer is DENIED.

IT IS SO ORDERED.

Dated:    **November 5, 2024**

UNITED STATES MAGISTRATE JUDGE