UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SECRETARY OF CDCR, et al.,<br><br>　　　　　Defendants. | No.  1:22-cv-00449-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S NOVEMBER 7, 2024 ORDER VACATING THE SETTLEMENT CONFERENCE<br><br>(ECF Nos. 74, 75) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration of the Court's November 7, 2024 order vacating the settlement conference, filed December 30, 2024.

On August 30, 2024, the Court issued an order referring this case to the Court's Alternative Dispute Resolution Program, set the case for a settlement conference on November 21, 2024, before Magistrate Judge Barbara A. McAuliffe, and stayed the case.  (ECF No. 64.) The Court advised defense counsel that counsel could opt-out of the settlement conference with thirty days.  (Id.)

On November 6, 2024, Defendant filed a motion to opt-out of the settlement conference because after investigation he believes a settlement conference would be unproductive at this time.  (ECF No. 71.)

On November 7, 2024, the Court vacated the settlement conference, lifted the stay of the case, and issued the discovery and scheduling order. (ECF Nos. 72, 73.)

Plaintiff now seeks reconsideration of the Court's November 7, 2024, order vacating the settlement conference and argues "that reconsideration is appropriate due to extraordinary circumstances that were misunderstood or unknown to the Court and because reinstating the settlement conference would serve the interests of justice." (ECF No. 74 at 1.) More specifically, Plaintiff submits that: (1) he was actively preparing for the settlement conference; (2) since his release from prison in 2023, he has faced obstacles beyond his control; (3) defendants did not timely opt-out of the settlement conference; and (4) material evidence supports the merits of his claims. (Id. at 3-4.)

Pursuant to Rule 60(b), the Court may relieve a party from a final judgement or order "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; ... or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).

In seeking to opt-out of the settlement conference, Defendant stated:

> Defendant's counsel tried to speak with Plaintiff before October 1, 2024 about a potential settlement, but at no avail.[1]
>
> In addition, on October 1, 2024, the case and Defendant's counsel's investigation were still in their early stages. At that early stage, Defendant's counsel believed that settlement negotiations would be fruitful. However, based on new developments, the outcome of Defendant's counsel's recent investigation, and her discussions with her supervisor, Defendant's counsel, in good faith, does not believe that settlement negotiations are fruitful at this time anymore and therefore opts out of post-screening ADR.

(ECF No. 71 at 1-2.) (footnote in original).

Plaintiff has failed to demonstrate that reconsideration of the Court's November 7, 2024, order vacating the settlement conference is warranted. As an initial matter, although Defendant's

---

[1] Plaintiff was released on parole in or around December 2023. Plaintiff filed a notice of change of address in ECF No. 45, but did not provide a phone number. Therefore, on September 3, 2024, Defendant's counsel mailed Plaintiff a letter and asked him to get back to her by September 25, 2024, to discuss the case and potential settlement, but he failed to do so.

opt-out notice was ordered to be filed within thirty days of the Court's August 30, 2024, order, Defendant explained that there was difficulty in communicating with Plaintiff prior to that deadline. In addition, Plaintiff is advised that the Court does not order mandatory settlement conferences simply because one party requests it. Further, the parties are free to engage in settlement negotiations amongst themselves, and if both parties determine that a settlement conference will be beneficial, they may reach out to the Court to schedule a conference. Accordingly, Plaintiff's motion for reconsideration of the Court's November 7, 2024, order is DENIED.

IT IS SO ORDERED.

Dated:   **January 6, 2025**

STANLEY A. BOONE
United States Magistrate Judge