UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>                    Plaintiff,<br><br>        v.<br><br>SECRETARY OF CDCR, et al.,<br><br>                    Defendants. | No. 1:22-cv-00449-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS, AND GRANTING PLAINTIFF THIRTY DAYS TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO COMPEL<br><br>(ECF No. 81) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The parties have consented to Magistrate Judge jurisdiction. (ECF No. 62.) This action proceeds against Defendant E. Carrillo for deliberate indifference and retaliation.

Currently before the Court is Plaintiff's motion to stay the proceedings, filed on April 7, 2025. (ECF No. 81.)

On March 7, 2025, Defendant filed a motion for summary judgment for failure to exhaust the administrative remedies. (ECF No. 77.) Then, on March 10, 2025, Defendant filed a motion to compel responses to discovery requests served on Plaintiff. (ECF No. 78.)

On March 12, 2025, Defendant filed a motion to stay merits-based discovery, which was granted on March 13, 2025. (ECF Nos. 79, 80.)

Plaintiff now seeks to stay the proceedings because his receipt of mail has been

1

interrupted upon his release from custody, discovery requests were returned "unsent"; and he had recent surgery on thumb.  (ECF No. 81 at 1.)

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Amer. Co., 299 U.S. 248, 254 (1936)). The party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520 U.S. at 708.

Plaintiff has not met his burden of establishing the need to stay this action.  The fact that Plaintiff's mail has been interrupted because he has been in and out of custody of the Shasta County Jail is of his own doing.  Further, there is no showing that the discovery responses are necessary to address Defendant's pending motion for summary judgment for failure to exhaust the administrative remedies.  Lastly, while the Court is sympathetic to Plaintiff's recent surgery, Plaintiff has failed to demonstrate the need to stay the entire proceedings pending his full recovery.  However, based on Plaintiff's contention, the Court finds good cause to grant Plaintiff an additional thirty days to file a response to Defendants' pending motions.  In the interest of justice and in an effort to move this case forward in an efficient manner, the Court will also make a one-time exception and direct the Clerk of Court to send Plaintiff a copy of Defendants' motions and the Court's most recent order to assist in Plaintiff in filing a timely response. (ECF Nos. 77, 78, 79, 80.)

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to stay the proceedings (ECF No. 81) is DENIED;
2. The Clerk of Court shall send a copy of Defendant's motion for summary judgment (ECF No. 77), Defendant's motion to compel (ECF No. 78), Defendant's motion to stay (ECF No. 79), and the Court's March 13, 2025 order (ECF No 80) to Plaintiff at his address of record; and

///
///
///
///

3. Within thirty (30) days from the date of service of this order, Plaintiff may file a response to Defendant's pending motions.

IT IS SO ORDERED.

Dated:   **April 9, 2025**

STANLEY A. BOONE
United States Magistrate Judge