UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>       Plaintiff,<br><br>  v.<br><br>SECRETARY OF CDCR, et al.,<br><br>       Defendants. | No.  1:22-cv-00449-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION TO SEAL DOCUMENTS<br><br>(ECF No. 86) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On May 9, 2025, Plaintiff filed a motion for a protective order to file two inmate declarations under seal. (ECF No. 86.) Plaintiff states that "the unredacted declarations contain sensitive information, including the full names and CDCR numbers of inmate witnesses who have provided testimony regarding misconduct by correctional staff. Public disclosure of this information could expose these individuals to retaliation or harm, thereby deterring them and others form coming forward with similar information. Courts have recognized the need to protect such individuals to ensure the integrity of the judicial process." (Id. at 2.)

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.' " Kamakana v. City & City of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435

1 U.S. 589, 597 & n.7 (1978)); see also Local Rule 141.

2     "A party seeking to seal a judicial record ... bears the burden of overcoming the strong presumption by meeting the 'compelling reasons standard.'" Kamakana, 447 F.3d at 1178 (quoting Foltz v. State Farm Mutual Auto Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Id. (citing Foltz, 331 F.3d at 1135.) To meet this standard, the party must "articulate compelling reasons supporting by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id. (internal citations and quotations omitted). The court must then "balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. When, the material is, at most, "tangentially related to the merits of the case," the request to seal may be granted on a showing of "good cause." Kamakana, 447 F.3d at 1097.

    Here, Plaintiff's motion seeks to seal two declarations from CDCR inmates. It is not clear from the content of the declarations whether they relate, in any way, to Plaintiff's claims in this action. Nonetheless, Plaintiff's motion does not articulate specific reasons supporting filing the declarations under seal. Nor does it provide "the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information" as required by Local Rule 141(b). Plaintiff has simply indicated generally that sealing the declarations will protect the inmates from to unidentified retaliation or harm. However, Plaintiff has not articulated specific reasons supporting sealing each of the various items he requests be filed under seal. Therefore, the Court finds that Plaintiff has not shown that the requested documents should be filed under seal. In addition, as advised in the Court's first informational order, "[t]he Court will not serve as a repository for evidence. The parties may not file evidence (prison, disciplinary or medical records, witness affidavits, etc.) with the Court until it becomes necessary to do so in connection with a motion for summary judgment, trial or the Court requests otherwise. Evidence improperly submitted to the Court may be stricken/returned." (ECF No. 6 at 3.) Accordingly, Plaintiff's

motion will be denied without prejudice. In any renewed motion to file documents under seal, Plaintiff should articulate the reason each document should be filed under seal.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to file documents under seal (ECF No. 86), is DENIED, without prejudice; and
2. The Clerk of Court shall return the documents sought to be filed under seal dated May 9, 2025, to Plaintiff.

IT IS SO ORDERED.

Dated: __**May 27, 2025**__

STANLEY A. BOONE
United States Magistrate Judge

3