UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>        Plaintiff,<br><br>   v.<br><br>E. CASTILLO,<br><br>        Defendant. | No. 1:22-cv-00449-SAB (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>(ECF No. 77) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The parties have consented to the Magistrate Judge. (ECF No. 62.)

Currently before the Court is Defendant's motion for summary judgment for failure to exhaust the administrative remedies, filed March 7, 2025.

**I.**

**BACKGROUND**

This action is proceeding against Defendant E. Carrillo for deliberate indifference and retaliation.

On August 29, 2024, Defendant filed an answer to the operative complaint. (ECF No. 63.) After Defendant opted out of the post-screening settlement conference, the Court issued the discovery and scheduling order on November 7, 2024. (ECF No. 73.)

On March 7, 2025, Defendant filed the instant motion for summary judgment for failure to exhaust the administrative remedies. (ECF No. 77.)

On May 19, 2025, Plaintiff filed an opposition to Defendant's motion for summary

1

judgment, and Defendant filed a timely reply on June 16, 2025.  (ECF Nos. 90, 99.)

## II.

## LEGAL STANDARD

### A.     Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions."   42 U.S.C. § 1997e(a); see also Ross v. Blake, 578 U.S. 632, 638 (2016) ("An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."). Exhaustion is mandatory unless unavailable.  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. at 741, and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino v. Baca,  747 F.3d 1162, 1166 (9th Cir. 2014).  "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  Albino, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  Id.

### B.     Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

1  entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino,
2  747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each
3  party's position, whether it be that a fact is disputed or undisputed, must be supported by (1)
4  citing to particular parts of materials in the record, including but not limited to depositions,
5  documents, declarations, or discovery; or (2) showing that the materials cited do not establish the
6  presence or absence of a genuine dispute or that the opposing party cannot produce admissible
7  evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may
8  consider other materials in the record not cited to by the parties, although it is not required to do
9  so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031
10  (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).
11        The defendants bear the burden of proof in moving for summary judgment for failure to
12  exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available
13  administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172.
14  If the defendants carry their burden, the burden of production shifts to the plaintiff "to come
15  forward with evidence showing that there is something in his particular case that made the
16  existing and generally available administrative remedies effectively unavailable to him." Id.  "If
17  the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to
18  exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166.  However,
19  "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather
20  than a jury should determine the facts." Id.

**III.**

**DISCUSSION**

**A.    Description of CDCR's Administrative Remedy Process**

24  Title 15 of the California Code of Regulations governs the procedures for inmates'
25  administrative remedies. If filing a grievance between June 1, 2020, and December 31, 2021, an
26  inmate was required to follow the procedures set forth in Title 15, sections 3480-3487. (SUF 12.)
27  Under title 15, section 3481(a)3, of the California Code of Regulations, an inmate has the
28  ability to submit a written grievance containing one or more claims, subject to the requirements in

3

section 3482, to dispute a policy, decision, action, condition, or omission by the Department or departmental staff that causes some measurable harm to their health, safety, or welfare.

To initiate the grievance process, an inmate must submit an Inmate/Parolee Appeal Form, commonly known as a 602 inmate grievance, within thirty calendar days of the event or decision being appealed. Cal. Code Regs., tit. 15, §§ 3482(b)–(d). In the original CDCR Form 602, the inmate must specify each claim and the relief requested, and name all involved staff members and describe their alleged conduct. Id. at § 3482(c)(2).

The grievance process in 2021—the timeframe relevant to Plaintiff's complaint—consisted of two levels of review: (1) the institutional-level review conducted by the Institutional Office of Grievances (no officer ranking lower than a Chief Deputy Warden); and (2) the director's-level review conducted by the Office of Appeals (OOA) in Sacramento, California (no officer ranking lower than the Associate Director of Appeals). Cal. Code Regs. tit. 15, §§ 3481(a)–(b). A substantive decision by the Office of Appeal exhausts administrative remedies. Id., §§ 3483(m), 3485.) A grievance that is not pursued through the final level of review does not exhaust administrative remedies, id. § 3486(m), unless the issue under appeal was fully resolved at a lower level of review, id. § 3483(m)(2).

**B.     Allegations of Complaint**

Plaintiff alleges that on February 10, 2021, Defendant Carrillo instigated and incited an attack on Plaintiff by an EOP inmate out of retaliation for filing lawsuits against prison officials.

**C.     Statement of Undisputed Facts[1]**

1.     The incident at issue occurred at North Kern State Prison (North Kern) on February 10, 2021, where Plaintiff was incarcerated at that time.  (ECF No. 21, at 13-16.)

2.     Plaintiff's first amended complaint stated cognizable section 1983-claims for deliberate indifference for Plaintiff's safety and retaliation pertaining to Plaintiff's fight with inmate Pickens.  (ECF Nos. 24, at 6:16-7:16, 11:18-28. 12:16-19; 52, at 2:8-9.)

3.     The Court held that Plaintiff failed to state a cognizable claim pertaining to his allegation that Defendant falsified Plaintiff's Rules Violation Report (RVR) resulting from his

---
[1] Hereinafter referred to as "UF."

4

1 fight with inmate Pickens.  (ECF No. 24, at 12:20-13:7.)

2   4. North Kern keeps an electronic record of each offender's grievance. When a grievance is received by the North Kern, it is assigned a log number and entered into a computer system. The following information is kept in the computer system and available in the Appeal History Report: the offender's CDCR number, the offender's name, the grievance log number, the grievance issue, the date the grievance was received, the institutional log number (which includes the acronym of the institution where the underlying grievance arose), the date the grievance is closed, and the final disposition of the grievance.  (Declaration of B. Johnson (Johnson Decl.), at ¶ 2.)

  5. A search was conducted of North Kern's computer system for all grievances received by North Kern from Plaintiff between February 10, 2021, and April 12, 2024, in which Plaintiff alleged that Defendant Carrillo was deliberately indifferent to Plaintiff's safety and retaliated again him in connection with his altercation with inmate Ernest Pickens, CDCR No. BM7455 on February 10, 2021.  (Johnson Decl., at ¶ 5.)

  6. Two grievances were found. Their log numbers are 000000097463 and 000000108458.  (Johnson Decl., at ¶ 6.)

  7. Since August 1, 2008, the Office of Appeals (OOA) receives, reviews, maintains all final-level appeals for non-health care issues.  (Declaration of Howard Moseley (Moseley Decl.), at ¶ 2.)

  8. When an appeal is received by the OOA, it is assigned a tracking log number and entered into a computer system.  (Moseley Decl., at ¶ 3.)

  9. An "Appeal History Report" is available in the computer system for each offender. The Appeal History Report includes the following information: the offender's first and last name, the offender's CDCR number, the appeal log number, the appeal issue, the date the appeal was received, the underlying grievance log number, if any (which includes the acronym of the institution or parole region where the underlying grievance arose), the date the appeal was closed, and the final disposition of the appeal.  (Moseley Decl., at ¶ 3.)

  10. All offender appeals received by the OOA are reviewed by the OOA and screened

1  in or screened out.  (Moseley Decl., at ¶ 4.)

2      11.    Decisions by the OOA represent the final level of review in the CDCR's grievance
3  and appeal process and are rendered on behalf of CDCR's Secretary.  (Moseley Decl., at ¶ 5.)

4      12.    If filing a grievance between June 1, 2020, and December 31, 2021, an inmate was
5  required to follow the procedures set forth in Title 15, sections 3480-3487.  (Moseley Decl., at ¶
6  5.)

7      13.    A search was conducted of the OOA's records to determine whether the OOA
8  received any appeals from Plaintiff on or after February 10, 2021, alleging that Defendant
9  Carrillo was deliberately indifferent to Plaintiff's safety and retaliated again him in connection
10 with his altercation with inmate Ernest Pickens, CDCR No. BM7455, on February 10, 2021.
11 (Moseley Decl., at ¶¶ 7.)

12     14.    The OOA found one grievance log no. 000000097463.  (Moseley Decl., at ¶ 7-8,
13 Ex. B.)

14     15.    North Kern received grievance log no. 000000097463 on March 11, 2021.
15 (Johnson Decl., at ¶ 9.)

16     16.    Plaintiff made two claims in grievance log no. 000000097463: In his first claim,
17 Plaintiff alleged that Defendant Carrillo influenced a fight between Plaintiff and inmate Pickens,
18 watched inmate Pickens enter Plaintiff's cell so he could assault him, and waited for about ten
19 seconds to activate his alarm. In his second claim, Plaintiff alleged that the circumstances noted in
20 Rules Violation Report (RVR) resulting from his fight with inmate Pickens were false and
21 requested for his RVR to be re-issued and re-heard.  (Johnson Decl., at ¶¶ 7, 10, Ex. B; Moseley
22 Decl., at ¶ 8, Ex. B.)

23     17.    On April 29, 2021, North Kern's grievance coordinator disapproved the grievance.
24 (Johnson Decl., at ¶ 11; Moseley Decl., n.1.)

25     18.    Plaintiff did not submit the appeal until June 2, 2021.  (Moseley Decl., n.1;
26 Johnson Decl., at ¶ 12.)

27     19.    On July 6, 2021, the OOA rejected the appeal as untimely.  (Moseley Decl., at ¶ 8;
28 Johnson Decl., at ¶ 13.)

1    20.    There is no record of North Kern receiving a grievance pertaining to the OOA's

2 rejection.  (Johnson Decl., at ¶ 13.)

3    21.    North Kern received grievance log no. 000000108458 on April 12, 2021.

4 (Johnson Decl., at ¶ 14.)

5    22.    At that time, North Kern had not yet issued a decisions on Plaintiff's prior

6 grievance log no. 000000097463.  (Johnson Decl., at ¶ 15.)

7    23.    Plaintiff made two claims in grievance log no. 000000108458.  (Johnson Decl., at

8 ¶ 16.)

9    24.    His first claim was the same as Plaintiff's first claim against Defendant Carrillo in

10 grievance log no. 000000097463 pertaining to the incident from February 10, 2021. His second

11 claim did not relate to the incident from February 10, 2021. It pertained to an RVR written by

12 Defendant Carrillo resulting from an unrelated incident on March 9, 2021.  (Johnson Decl., at ¶

13 16.)

14    25.    On May 7, 2021, North Kern rejected Plaintiff's first claim in grievance log no.

15 000000108458. It was substantially duplicative of grievance log no. 000000097463, which was

16 still pending at that time. Furthermore, Plaintiff submitted the grievance late. Plaintiff discovered

17 the Defendant Carrillo's conduct on February 10, 2021. He should have submitted the grievance

18 by March 12, 2021, but he did not submit the claim until April 12, 2021.  (Johnson Decl., at ¶ 17.)

19    26.    Plaintiff did not appeal North Kern's rejection of log no. 000000108458 to the

20 OOA.  (Johnson Decl., at ¶ 19; Moseley Decl., ¶ 7, Ex. A.)

21    **D.    Analysis of Defendant's Motion**

22    Defendant argues that although Plaintiff submitted two grievances pertaining to the

23 incident at issue, neither one exhausted the administrative remedies.

24    In opposition, Plaintiff submits that he did not receive the response to log no.

25 00000097463 until 13 days before he submitted his appeal to the OOA and the rejection was

26 therefore improper.  (ECF No. 90.)

27    As an initial matter, there is no dispute that a grievance process existed at NKSP during

28 the relevant time period, and Plaintiff submitted two grievances relevant to this case which were

7

1  not reviewed on the merits.  Accordingly, Defendant has met his initial burden of demonstrating
2  that there was an administrative grievance of which Plaintiff utilized.  The burden now shifts to
3  Plaintiff "to come forward with evidence showing that there is something in his particular case
4  that made the existing and generally available administrative remedies effectively unavailable to
5  him."  Albino, 747 F.3d at 1172.  Plaintiff avers that he did not receive the response to grievance
6  log no. 00000097463 until May 25, 2025, and he therefore had until 30 days thereafter to file an
7  appeal, rendering his June 2, 2021 appeal timely filed.

8        The Ninth Circuit has not "adopt[ed] a bright-line rule that any delay in a prison's
9  response to an inmate's grievance is sufficient to render administrative remedies unavailable."
10 Fordley v. Lizarraga, 18 F.4th 344, 358 (9th Cir. 2021) (finding grievance process effectively
11 unavailable to prisoner where prison did not respond to emergency grievance) (citation omitted).
12 Rather, the Circuit has explained that "[w]hen prison officials improperly fail to process a
13 prisoner's grievance," the grievance process is effectively "unavailable" to that prisoner, and "the
14 prisoner is deemed to have exhausted available administrative remedies." Andres v. Marshall, 867
15 F.3d 1076, 1079 (9th Cir. 2017).  The Ninth Circuit reaffirmed that "[d]elays in processing and
16 failures to respond to pending grievances are circumstances signaling the practical unavailability
17 of administrative remedies." Eaton v. Blewett, 50 F.4th 1240, 1246 (9th Cir. 2022).

18       Here, construing the facts in the light most favorable to Plaintiff as this Court must,
19 Plaintiff contends under penalty of perjury that Defendants were the cause of the untimely appeal
20 because he did not receive the appeal response to log no. 00000097463 until approximately May
21 25, 2021.  If, as Plaintiff avers, he did not receive the appeal response until May 25, 2021, then
22 his appeal to the OOA on June 2, 2021, was timely and log no. 00000097463 was improperly
23 rejected.  See Cal. Code Regs. tit. 15, § 3485(b) (appeal due within thirty calendar days of
24 receiving unsatisfactory response).  Although Defendant argues that Plaintiff received the
25 response at the latest on April 30, 2021, their evidence relies solely on prison records which show
26 the decision was completed on April 29, 2021 and mailed to Plaintiff on that date.[2]  (ECF No. 99-

---

[2] According to the OOA's computer system, the lower-level decision was issued on April 29, 2021, Plaintiff submitted the appeal on June 2, 2021, and the OOA received the appeal on June 7, 2021. (Moseley Decl. at ¶ 8, n.

2, Magallanes Decl. at ¶¶ 5, 7-8.) However, there is no evidence to establish when the response was actually delivered and received by Plaintiff. Moreover, notwithstanding the ambiguity as to when Plaintiff actually received the April 20, 2021 decision, the discrepancies in the record, including the handwritten notation that the response was "received on 5/23/21 at HDSP after transfer", belies Defendant's evidence of the purported date of receipt. (Moseley Decl., Ex. B., ECF 77-6 at 14) Defendant has therefore failed to rebut Plaintiff's evidence that he did not receive the appeal until on or about May 25, 2021. Accordingly, because improper screening of an inmate's grievance renders the administrative process effectively unavailable such that exhaustion is not required, Defendant's motion for summary judgment is denied. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010) (improper screen-outs renders exhaustion process unavailable).

## V.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Defendant's motion for summary judgment for failure to exhaust the administrative remedies, (ECF No. 77), is DENIED.

IT IS SO ORDERED.

Dated:  **December 12, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

1.)

10