UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>  Plaintiff,<br><br>  v.<br><br>CARRILLO,<br><br>  Defendant. | No. 1:22-cv-00449-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL<br><br>(ECF No. 78) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion to compel, filed March 10, 2025. (ECF No. 78.) Plaintiff filed an opposition on May 9, 2025, along with a separate motion to extend the deadline for his discovery responses. (ECF Nos. 84, 85.) Defendant filed a reply on May 19, 2025. (ECF No. 89.)

On May 27, 2025, the Court granted Plaintiff's motion to extend the time to respond to Defendant's discovery requests until 14 days after the Court rules on Defendant's motion to compel in ECF No. 78 or 14 days after Court has rules on Defendant's pending motion for summary judgment in ECF No. 77, whichever is later. (ECF No. 92.)

**I.**

**LEGAL STANDARD**

Defendants are entitled to conduct discovery, which includes the deposition of Plaintiff, to obtain all information pertaining to the factual allegations, and legal claims and defenses at issue

1

in this action. Fed. R. Civ. P. 26(b)(1) & 30. Federal Rules of Civil Procedure 30(a)(2)(B) and (b)(1) allow a party to depose a prisoner by oral examination if the party obtains leave of court and gives other parties "reasonable written notice" of the time and place of the deposition and, if known, the deponent's name and address. "An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds." Fed. R. Civ. P. 30(c)(2). Objections must be stated *concisely* in a non-argumentative and non-suggestive manner. Id. The only authorized exceptions for a deponent to not answer a question are "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) [motion to terminate or limit deposition]."

What is privileged is defined by the Federal Rules of Evidence; these rules include the privilege against self-incrimination. Campbell v. Gerrans, 592 F.2d 1054, 1057 (9th Cir.1979). "The principle of Fifth Amendment protection has been construed to permit the privilege to be asserted 'in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory.' " Id. (quoting Kastigar v. United States, 406 U.S. 441, 444 (1972)). The Fifth Amendment privilege against self-incrimination applies to evidence that may directly support a criminal conviction, information that would furnish a link in the chain of evidence that could lead to prosecution, and evidence that a witness reasonably believes could be used against him in a criminal prosecution. Maness v. Meyers, 419 U.S. 449, 461 (1972).

A failure to participate in discovery is in violation of Fed. R. Civ. P. 30 and 37. Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent. Under Federal Rule of Civil Procedure 37, when an adverse party fails to cooperate in discovery, the party seeking discovery may move to compel disclosure or discovery. Fed. R. Civ. P. 37(a)(1). In particular, this type of motion may be made if a deponent fails to answer a deposition question: "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3)(B)(i) & 37(a)(4). If the motion is granted and the deponent thereafter fails to comply with the court's

order to answer a deposition question, the failure may be treated as contempt of court and the court may issue a variety of sanctions, including dismissal of the action. <u>See</u> Fed. R. Civ. P. 37(b).

## II.

## DISCUSSION AND ORDER

Defendant submits that interrogatories and document requests were served on Plaintiff, but his responses were deficient and evasive.

Plaintiff argues that he "faced extraordinary circumstances that impaired his ability to respond to discovery requests fully[,]" and Defendant's motion is premature. (ECF No. 84.) Plaintiff submits that he "acted diligently under the circumstances and remains committed to cooperating with discovery to the extent reasonably possible." (<u>Id.</u>)

While Defendant argues that motion to compel is not premature, Defendant agrees to extend the deadline for Plaintiff to respond to the discovery requests.

Based on Plaintiff's concession that he will provide further responses to Defendant's outstanding discovery requests, it is HEREBY ORDERED:

1. Defendant's motion to compel, (ECF No. 78) is granted; and
2. Within **fourteen (14)** days from the date of service of this order, Plaintiff shall submit further responses to Defendant's discovery requests which were served on November 21, 2024.

IT IS SO ORDERED.

Dated: __December 15, 2025__

STANLEY A. BOONE
United States Magistrate Judge

3